IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>JEFFREY SABOL,<br>PETER FRANCIS STAGER,<br>MICHAEL JOHN LOPATIC SR.,<br>CLAYTON RAY MULLINS,<br>JACK WADE WHITTON,<br>LOGAN JAMES BARNHART, and<br>RONALD COLTON MCABEE | Case No. S2 21-CR-35 (EGS)<br><br>**Filed Under Seal** |

**GOVERNMENT'S MOTION TO SEAL INDICTMENT AND
DELAY ENTRY OF THIS CASE ON THE PUBLIC DOCKET**

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully moves for an order to place under seal the indictment, this motion and proposed order, and any order granting this motion, and to delay entry of this criminal case on the public docket until the arrest warrants for the defendants LOGAN JAMES BARNHART and RONALD COLTON MCABEE are executed, at which time the indictment and related documents shall be automatically unsealed. In support thereof, the Government states as follows:

On August 4, 2021, the defendants JEFFREY SABOL, PETER STAGER, MICHAEL JOHN LOPATIC, SR., CLAYTON RAY MULLINS, JACK WADE WHITTON, LOGAN JAMES BARNHART, and RONALD COLTON MCABEE were charged by indictment with violations of 18 U.S.C. § 1512(c)(2), 2 (Obstruction of an Official Proceeding; Aiding and Abetting); 18 U.S.C. §§ 111(a)(1) and (b), 2 (Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon; Aiding and Abetting); 18 U.S.C. § 111(a)(1); (Assaulting, Resisting, or Impeding Certain Officers); 18 U.S.C. § 2111 (Robbery in a Federal Enclave); 18 U.S.C. § 231(a)(3) (Civil Disorder); 18 U.S.C. § 661 (Theft in a Federal Enclave); 18 U.S.C. § 1752(a)(1) and (b)(1)(A) (Entering and Remaining in a Restricted Building or Grounds with a Deadly or

Dangerous Weapon); 18 U.S.C. § 1752(a)(2) and (b)(1)(A) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon); 18 U.S.C. § 1752(a)(4) and (b)(1)(A) (Engaging in Physical Violence in a Restricted Building or Grounds); 18 U.S.C. § 1752(a)(1) (Entering and Remaining in a Restricted Building or Grounds); 18 U.S.C. § 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds); 18 U.S.C. § 1752(a)(4) (Engaging in Physical Violence in a Restricted Building or Grounds); and 40 U.S.C. § 5104(e)(2)(F) (Violent Entry and Disorderly Conduct in a Capitol Building or Grounds). While defendants Sabol, Stager, Lopatic, Mullins, and Whitton have previously been charged, defendants Barnhart and McAbee have not previously been charged in this matter, and the government has requested a warrant for their arrest.

Public disclosure of the existence of the indictment might alert defendants Barnhart and McAbee that they are under investigation, which could cause the defendants and any other associates, to destroy or conceal incriminating evidence or to attempt to evade arrest.

As stated in Washington Post v. Robinson, 935 F.2d 282, 288 (D.C. Cir. 1999), there is a presumption of access to Court proceedings. But, this can be overridden if "'(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'" Id. at 290 (quoting Oregonian Pub. Co. v. United States Dist. Court, 920 F.2d 1462, 1466 (9th Cir. 1990)).

In this matter, the United States has a compelling interest in preserving the integrity of its investigation and arresting the defendants. A limited sealing order ensuring that filings related to the indictment are not accessible on the public docket is narrowly tailored to serve that compelling interest. Furthermore, the United States respectfully submits that complying with the normal notice

requirements of Washington Post would defeat the purpose of the motion to seal. Persons who know the criminal justice system also know that docketing a motion to seal an indictment, or a resulting sealing order, means that the defendant is charged with a crime, and that the government intends to arrest the person. Thus, if this motion or a sealing order were to become public, it would be the same as making public the indictment.

To ensure that the indictment and related documents are unsealed promptly upon the arrest of the defendant, the government requests that these documents be automatically unsealed by operation of the Court's order, and that the government be permitted to share the documents publicly at that time.

WHEREFORE, the United States respectfully requests that this Court issue an Order directing that the Clerk of the Court place and maintain under seal, the indictment, the arrest warrant, this motion and proposed order, and any order granting this motion, and to delay entry of this criminal case on the public docket until the arrest warrant for the defendant has been executed, at which time the indictment and related documents shall be automatically unsealed and may be publicly shared by the government.

Respectfully submitted,

CHANNING D. PHILLIPS
ACTING UNITED STATES ATTORNEY
D.C. Bar No. 415793

By: *s/ Benet J. Kearney*
BENET J. KEARNEY
NY Bar No. 4774048 (Detailee)
Assistant United States Attorney
1 Saint Andrew's Plaza
New York, New York 10007
(212) 637 2260
Benet.Kearney@usdoj.gov