**Andrew G. Patel**
Attorney-at-Law
80 Broad Street, Suite 1900
New York, New York 10004
apatel@apatellaw.com                                                                                                    Telephone 212-349-0230

February 25, 2021

Case No. 1:21-cr-35-EGS

The Honorable Philip M. Halpern
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

                        Re:     U.S. v. Reid, et al, including Brandon Nieves
                                 S3 20 Cr. 626 (PMH)

Dear Judge Halpern:

       This letter is respectfully submitted on behalf of all appointed counsel seeking an Order authorizing counsel to use CJA funds to purchase laptop computers to permit our clients to review the large amount of discovery in this case.

       Attached to this letter, please find a proposed Order which details the process by which the computers will be prepared, loaded with software and discovery. The Order also details how the computers will be delivered to the facility, accessed by the defendants and returned to the Administrative Office of the U.S. Courts at the end of the case. We anticipate that the process set forth in the proposed Order will serve as a template to permit retained counsel to provide laptops to their clients but without the use of public funds.

       This application is the result of a joint effort by the Circuit Budgeting Attorney, the Coordinating Discovery Attorney, several members of the U.S. Attorney's Office, a number of my co-counsel and the staff of the Westchester County Jail.

       As this is the first time that the Westchester County Jail has agreed to allow defendants to have access to laptop computers, we are proposing that the first laptop be provided to Brandon Nieves, who is represented by Daniel Hochheiser, Esq. Mr. Nieves will serve as a test case to see if any adjustments need to be made to the process before we scale up to include all of the codefendants who may wish to participate.

       I am confident that I speak for everyone who has been working on this project when I say that we will make ourselves available to answer any questions that Your Honor may have about this request at Your Honor's convenience.

                                                   Respectfully submitted,

                                                   /s/Andrew Patel
                                                 Andrew G. Patel

cc:     All counsel by ECF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

UNITED STATES OF AMERICA,                          :

    -v-                                                              :                    ORDER

Dwight Reid, et al, including Brandon Nieves,    :                    S3 20 Cr. 626 (PMH)

    Defendants.                                              :

-----------------------------------------------------------------X

PHILIP M. HALPERN, District Judge:

    Counsel for Brandon Soto, acting on behalf of all Counsel, has requested approval for the use of CJA funds to purchase a laptop for defendant, Brandon Nieves and any codefendant who wishes to review discovery materials produced by the Government and therefore needs to have access to an electronic device under the terms ordered below. Defense counsel represents that without this laptop the defendant will be unable to review effectively the massive amount of discovery material that the Government has provided pursuant to Rule 16 of the Federal Rules of Criminal Procedure.

    The application is granted as follows:

1. Defense counsel, is authorized to procure with CJA funds, a laptop computer[1] and any subsequent external hard drives and headphones that may be required to provide the defendant with access to the discovery (collectively, the "Electronic Device") for purposes of the discovery review. Counsel shall provide the electronic devise to Ms. de Almeida or her staff shall review the Electronic Device and confirm that the wireless and

---

[1] Counsel shall consult the CDA, Julie de Almeida, to determine the model of laptop computer that is acceptable to the facility where their client is housed.

Case 1:21-cr-00035-RC   Document 102-21   Filed 08/23/21   Page 3 of 4
Case 7-20-cr-00626-PMH   Document 441   Filed 08/01/21   Page 2 of 3
Case 7:20-cr-00626-PMH   Document 938-1   Filed in NYSD on 02/25/2024   Page 2 of 3

printing capabilities are disabled in a manner acceptable to the facility in which the given defendant is lodged. Ms. de Almeida or her staff shall load on to the Electronic Device such software as the defendants will need to review and make notes on the discovery. Ms. de Almeida or her staff shall set a password protected administrative account on the Electronic Device that is separate from the defendant's password protected user account to prevent any user from making changes to the Electronic Device.

2. Either defense counsel or Ms. de Almeida shall provide the Electronic Device to the Government. Each Electronic Device will be clearly marked with the name and ID number and Marshal's registration number of the defendant who has been assigned to receive that particular Electronic Device.

3. The Government shall save the discovery onto the Electronic Device as well as on subsequent external hard drives that may be required to provide the defendant with access to the discovery.

4. The Government shall confirm that the discovery is viewable on the Electronic Device (for example, that the audio recordings and video play on the Electronic Device) prior to sending it to the facility where the inmate is housed.

5. Within 30 days of receipt of the Electronic Device, the Government shall send the Electronic Device to an Officer designated by each facility to receive the electronic device. The designated Officer shall keep the Electronic Device and charging wire in their office.

6. The Defendants can access the Electronic Device for review on a temporary basis and at times approved by prison personnel. This review must take place in the defendant's unit or a location where to the extent possible Defendant is not in the presence of any other

Case 1:21-cr-00035-RC   Document 102-21   Filed 08/23/21   Page 4 of 4
Case 7-20-cr-00626-PMH   Document 141   Filed 08/01/21   Page 3 of 3
Case 7:20-cr-00626-PMH   Document 138-1   Filed in NYSD on 02/25/2021   Page 3 of 3

inmates. Because of the volume of discovery, Defendants should be afforded the ability to review it for several hours each day to the extent consistent with the conduct of the facility in which the defendant is lodged.

7. The Defendants are prohibited from copying any information from the discovery.

8. After he is finished reviewing the discovery for any given day, the Defendant shall return the Electronic Device to the designated Officer.

9. The Defendants are strictly prohibited from printing, copying, sending, publishing, or transferring any of the discovery materials on the Electronic Device. It is the intent of this Order that only Defendant assigned to a particular Electronic Device (and his counsel and any other members of his legal defense team, including investigators. Paralegals, and support staff, as needed to confer with the Defendant) will have access to the discovery materials on the Electronic Device.

10. This Court will revisit this Order and any Defendant's access to the Electronic Device if it appears that any Defendant is not abiding by this Order.

11. IT IS FURTHER ORDERED that no later than the conclusion of the proceedings against the defendant in the district court, whether through dismissal of the charges against the defendant or the sentencing of the defendant, the defendant shall return the Electronic Device to his counsel, who will promptly provide it to the Administrative Office of the U.S. Courts if it was purchased with CJA funds.

Dated: White Plains, New York
       March 1, 2021

SO ORDERED

_____
PHILIP M. HALPERN
United States District Judge