IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | |
| JEFFREY SABOL, : | Case No: 21-CR-35 (EGS) |
| PETER FRANCIS STAGER, : | |
| MICHAEL JOHN LOPATIC SR., : | |
| CLAYTON RAY MULLINS, : | |
| JACK WADE WHITTON, : | |
| LOGAN JAMES BARNHART, : | |
| RONALD COLTON MCABEE, : | Filed Under Seal |
| MASON JOEL COURSON, and : | |
| JUSTIN JERSEY : | |
| : | |
| Defendants. : | |

## GOVERNMENT'S MOTION TO SEAL INDICTMENT AND DELAY ENTRY OF THIS CASE ON THE PUBLIC DOCKET

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully moves for an order to place and maintain under seal the indictment, this motion and proposed order, and any order granting this motion, and to delay entry of this indictment on the public docket until the arrest warrants for the defendants MASON JOEL COURSON and JUSTIN JERSEY are executed, at which time the indictment and related documents shall be automatically unsealed. In support thereof, the government states as follows:

On November 17, 2021, the defendants JEFFREY SABOL, PETER STAGER, MICHAEL JOHN LOPATIC SR., CLAYTON RAY MULLINS, JACK WADE WHITTON, LOGAN JAMES BARNHART, RONALD COLTON MCABEE, MASON JOEL COURSON, and JUSTIN JERSEY were charged by indictment with violations of 18 U.S.C. §§ 1512(c)(2), 2; 18 U.S.C. § 111(a)(1); 18 U.S.C. § 231(a)(3); 18 U.S.C. §§ 111(a)(1) and (b), 2; 18 U.S.C. §

1

2111; 18 U.S.C. § 661; 18 U.S.C. §§ 111(a)(1) and (b); 18 U.S.C. § 1752(a)(1) and (b)(1)(A); 18 U.S.C. § 1752(a)(2) and (b)(1)(A); 18 U.S.C. § 1752(a)(4) and (b)(1)(A); 18 U.S.C. § 1752(a)(1); 18 U.S.C. § 1752(a)(2); 18 U.S.C. § 1752(a)(4); and 40 U.S.C. § 5104(e)(2)(F). While defendants Sabol, Stager, Lopatic, Mullins, Whitton, Barnhart, and McAbee have previously been charged, defendants Courson and Jersey have not previously been charged in this matter, and the government has requested a warrant for their arrest.

Public disclosure of the existence of the indictment might alert defendants Courson and Jersey that they are under investigation, which could cause the defendants and any other associates, to destroy or conceal incriminating evidence or to attempt to evade arrest.

As stated in Washington Post v. Robinson, 935 F.2d 282, 288 (D.C. Cir. 1999), there is a presumption of access to Court proceedings. But, this can be overridden if "'(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'" Id. at 290 (quoting Oregonian Pub. Co. v. United States Dist. Court, 920 F.2d 1462, 1466 (9th Cir. 1990)).

In this matter, the United States has a compelling interest in preserving the integrity of its investigation and arresting the defendants. A limited sealing order ensuring that filings related to the indictment and arrest warrants are not accessible from the Court's public files is narrowly tailored to serve a compelling interest.

Furthermore, the United States respectfully submits that complying with the normal notice requirements of <u>Washington Post</u> would defeat the purpose of the motion to seal. Persons who know the criminal justice system also know that docketing a motion to seal an

2

Indictment and Arrest Warrant, or a resulting sealing order, means that the defendant is charged with a crime, and the Government intends to arrest him. Thus, if this Motion or a sealing order were to become public, it would be the same as making public the Indictment and Arrest Warrant.

To ensure that the indictment and related documents are unsealed promptly upon the arrest of the defendants, the government request that these documents be automatically unsealed by operation of the Court's order, and that the government be permitted to share the documents publicly at that time.

**WHEREFORE**, the United States respectfully requests that this Court issue an Order directing that the Clerk of the Court place and maintain under seal, the indictment, the arrest warrant, this motion and proposed order, and any order granting this motion, and to delay entry of this indictment on the public docket until the arrest warrant for the defendants has been executed, at which time the indictment and related documents shall be automatically unsealed and may be publicly shared by the government.

Respectfully submitted,

MATTHEW M. GRAVES
ACTING UNITED STATES ATTORNEY
D.C. Bar No. 481052

By: *Benet Kearney/CDK*
Benet J. Kearney
Assistant United States Attorney, Detailee
N.Y. Bar No. 4774048
1 Saint Andrew's Plaza
New York, New York 10007
Office: (212) 637-2260
Benet.Kearney@usdoj.gov