UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | 21 Cr. 35 (EGS) |
| | : | |
| **PETER STAGER,** | : | |
| | : | |
| **Defendant.** | : | |

## MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The United States, by and through the United States Attorney, in response to the Court's October 7, 2022 order, hereby moves this Court to exclude from the time within which the trial in this matter must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*. the period from October 7, 2022 through October 18, 2022, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A) and (B)(i), (ii), and (iv).  The defendant has not indicated whether he objects to this motion.  The Government states as follows:

### FACTUAL BACKGROUND AND CURRENT CASE STATUS

As this Court is aware, Defendant is charged via indictment with felony and misdemeanor offenses related to crimes that occurred at the United States Capitol on January 6, 2021, including violations of 18 U.S.C. §§ 1512(c)(2), and 2, Obstruction of an Official Proceeding and Aiding and Abetting; 18 U.S.C. § 231(a)(3), Civil Disorder; 18 U.S.C § 111(a)(1) and (b), Assaulting, Resisting, or Impeding Certain Officers or Employees with a Deadly or Dangerous Weapon; 18 U.S.C. § 1752(a)(1), (2), and (4) and (b)(1)(A), Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority, Disorderly and Disruptive Conduct in a Restricted Building or Grounds, Knowingly Committing an Act of Physical Violence in any

Restricted Building or Grounds, including with a Deadly or Dangerous Weapon; 40 U.S.C. § 5104(e)(2)(F), Violent Entry and Disorderly Conduct in the Capitol Grounds or Buildings and engaging in an Act of Physical Violence in the Capitol Grounds or Buildings. The parties are seeking exclusion of additional speedy trial time based on the following: (1) the United States has provided the majority of individualized discovery to Defendant, though it continues to provide global discovery generated from other sources and discovery related to co-defendants; (2) the Government and Defendant's counsel are now engaged in negotiations regarding the parameters of a potential plea agreement or resolution of this matter via stipulated trial; (3) should those negotiations not be successful, the Defendant and the Government will further need reasonable time necessary to prepare for trial.

To date, the Government has provided the majority of the most relevant individualized discovery to defense counsel. The Government is also continuing to provide global discovery in the form of evidence from other charged defendants' devices, social media accounts, and other sources which have not yet been identified or examined, the latest of which was disclosed on September 19, 2022 (Global Disclosure No. 19). The Government extended a plea offer to Defendant on June 30, 2022; the Defendant and the Government are now engaged in negotiations concerning that offer or another method of resolving of the case.

## ARGUMENT

Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from the computation of time within which a trial must commence. As is relevant to the tolling of the Speedy Trial Act, pursuant to subsection (h)(7)(A), the Court must exclude:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the

>attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). This provision further requires the Court to set forth its reasons for finding that that any ends-of-justice continuance is warranted. *Id.* Subsection (h)(7)(B) sets forth a non-exhaustive list factors that the Court must consider in determining whether to grant an ends-of-justice continuance, including:

>(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
>(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>. . .
>
>(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time." *Bloate v. United States*, 559 U.S. 196, 197 (2010) (*citing* §3161(h)(7)(B)(ii), (B)(iv)). Finally, an interests-of-justice finding is within the discretion of the Court. *See, e.g., United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988).

In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A)

3

based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). The need for a reasonable time to continue to review voluminous discovery produced is among multiple pretrial preparation grounds that Courts of Appeals have routinely held sufficient to exclude the time under the Speedy Trial Act. *See, e.g., United States v. Bikundi*, 926 F.3d 761, 777-78 (D.C. Cir. 2019). The Government also submits that additional time would be beneficial to the parties' efforts to reach a pre-trial disposition of the case. Accordingly, the ends of justice served by granting a request for a continuance outweigh the best interest of the public and the Defendant in a speedy trial.

On October 7, 2022, the Court directed the parties to file a notice informing the Court whether they objected to the exclusion of time from October 7, 2022 – the date of the previously scheduled status conference in this matter – until October 18, 2022 – the date to which the status conference was adjourned. The Government has solicited the Defendant's position, but has not received a response.

WHEREFORE, the Government respectfully requests that this Court toll the time from October 7, 2022 through October 18, 2022, and that the Court exclude that time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and Defendant

in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        DC Bar No. 481052

        By: /s/ *Benet J. Kearney*
        Matthew Moeder
        MO Bar No. 64036
        Benet J. Kearney
        NY Bar No. 4774048
        Assistant United States Attorneys
        601 D Street, N.W.
        Washington, D.C. 20530
        (816) 426-4103 / (212) 637 2260
        Benet.Kearney@usdoj.gov /
        Matthew.Moeder@usdoj.gov

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing will be served electronically to counsel for defendant, via the Court's Electronic Case Filing System.

                                                */s/ Benet J. Kearney*
                                                Benet J. Kearney
                                                Assistant United States Attorney

Date: October 11, 2022