UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. 1:21-cr-35-RC-2 |
| **PETER FRANCIS STAGER,** | ) | |
| *Defendant.* | ) | |

## SUPPLEMENT TO DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Peter Francis Stager, by and through undersigned counsel, respectfully files this Supplement to his Memorandum in Aid of Sentencing. In support of this Supplement, Mr. Stager submits the following.

1. On July 14, 2023, Mr. Stager filed his Memorandum in Aid of Sentencing. *See* ECF No. 337.

2. Since filing Mr. Stager's Memorandum in Aid of Sentencing, undersigned counsel learned of the verdict rendered in *United States v. Mock*, No. 1:21-cr-00444-JEB (D.D.C.) on July 12, 2023, and relevant findings and rulings in that case.

3. Brian Mock was tried by the Honorable James E. Boasberg on an eleven (11) count Second Superseding Indictment. *See* ECF No. 64. Count 5 charged Mr. Mock with Assaulting, Resisting, or Impeding Certain Officers Using a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 111(a)(1) and (b). *See id.* Count 8 charged Mr. Mock with Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(1) and (b)(1)(A). *See id.* Count 9 charged Mr. Mock with Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(2) and (b)(1)(A). *See id.* Count 10 charged Mr. Mock with Engaging in

1

Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(4) and (b)(1)(A). *See id.* The government premised the deadly and dangerous weapon enhancements in Count 5, Count 8, Count 9, and Count 10 on Mr. Mock's use of a flagpole. *See id.* While the Court found Mr. Mock guilty of all eleven (11) counts and found that Mr. Mock in fact hit an officer with the flagpole, the Court ruled that the deadly and dangerous weapon enhancements in Count 5, Count 8, Count 9, and Count 10 were inapplicable in Mr. Mock's case, given that the flagpole appeared to be made of plastic or a similar material.[1] *See* Minute Entry (Jun. 21, 2023).

      4. Mr. Stager respectfully requests that this Court refer to *United States v. Mock*, No. 1:21-cr-00444-JEB (D.D.C.), and the other cases cited in Table A when crafting its sentence.

Respectfully submitted,

_____/s/_____
David Benowitz, D.C. Bar No. 451557
Amy C. Collins, D.C. Bar No. 1708316
Price Benowitz, LLP
409 7th Street, NW
Suite 200
Washington, D.C. 20004
(202) 417-6000
David@PriceBenowitz.com
AmyC@PriceBenowitz.com

*Counsel for Peter Francis Stager*

---

[1] The Court concluded that the flagpole was plastic or a similar material upon viewing evidence that Mr. Mock was able to break a piece of it off and that it fluttered in the air when he threw the broken-off piece at law enforcement.

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 19th day of July 2023, I caused a true and correct copy of the foregoing Supplement to be delivered via CM/ECF to the parties in this matter.

\_\_\_\_/s/_____
David Benowitz