**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 1:21-cr-35-RC-2** |
| | ) | |
| **PETER FRANCIS STAGER,** | ) | |
| *Defendant*. | ) | |

### SECOND SUPPLEMENT TO DEFENDANT'S
### MEMORANDUM IN AID OF SENTENCING

Peter Francis Stager, by and through undersigned counsel, respectfully files this Second Supplement to his Memorandum in Aid of Sentencing. In support of this Second Supplement, counsel submit the following.

In its memorandum, the government recommended that the Court impose a $31,627 fine against Mr. Stager. *See* ECF No. 333 at 1. A fine is not warranted or appropriate in this case.

As provided in the PSR, Mr. Stager does not have the ability to pay, even in light of the GiftSendGo campaign through which he raised $31,627. *See, e.g.*, PSR at ¶ 107, 108, 112. Even beyond what is provided in the PSR, Mr. Stager has had significant legal expenses in relation to this case that far exceed $31,627, including pending legal fees nearing $50,000.

Of additional significance, the GiftSendGo campaign was created by his wife to support their family through the financial turmoil accompanying a high-stakes federal criminal case. The narrative set forth on the campaign's webpage is simply the result of a perspective muddled by misunderstanding that is no longer held.

Other January 6 cases also support this position. In several instances, courts have declined to apply fines against January 6 defendants who raised money through online campaigns.

1

In *United States v. Fairlamb*, No. 1:21-cr-00120-RCL-1, the Court declined to impose a fine, *see* ECF No. 57 at 7,where Fairlamb, who raised over $30,000 through a fundraising campaign styled as a "Patriot Relief Fund," did not have the ability to pay. ECF No. 50 at 40.

In another case, Peter Schwartz raised $71,541 through an online funding campaign, created by another, that characterizes Schwartz as a "Patriot Pete Political Prisoner in DC." *United States v. Schwartz*, No. 1:21-cr-178-APM-1, ECF No. 202 at 31. The webpage did not indicate how the funds would be used. *See id.* However, it included links to three (3) interviews with the podcast Cowboy Logic that Schwartz participated in while incarcerated. *See id.* at 32. In its memorandum, the government noted that Schwartz retained counsel and was not seeking to claw back funds specifically used for his legal defense. *See id.* at 31. The government further noted that Schwartz declined to sign the release form authorizing the release of this financial records, which limited the ability of the PSR writer to investigate his financial situation. *See id.* Despite the government's request for the Court to impose a fine of $71,541, *see id.* at 1, and the fact that Mr. Schwartz's conduct is some of the most egregious of any convicted January 6 defendant, the Court did not impose a fine, *see* ECF No. 219 at 7.

Through a GiftSendGo page created by his wife, another defendant, Markus Maly, raised $16,011 to help support his family. *See United States v. Maly*, No. 1:21-cr-178-APM-3, ECF No. 204 at 29. The request for donations was purportedly written by Maly and referenced his convictions on charges as a "January 6 P.O.W." *Id.* Maly was appointed a public defender and had no legal fees associated with his case. *See id.* Instead, the money went to pay for bills incurred by his family. *See* Grace Eliza Goodwin, "A Capitol riot defendant raked in thousands of dollars in donations to cover his legal fees — even though his lawyers were free, prosecutors allege," BUSINESS INSIDER (May 23, 2023), https://www.businessinsider.com/capitol-rioter-

raised-thousands-legal-fees-had-free-lawyer-prosecutors-2023-5. The government recommended a fine of $16,011. *See* ECF No. 204 at 1. The Court, however, declined to impose a fine. *See* ECF No. 226 at 7.

At least one (1) court has declined to impose a fine even where the fundraising conduct directly capitalized on the defendant's criminal conduct. *See United States v. Barnett*, No. 1:21-cr-38-CRC-1 (declining to impose a fine despite Barnett, who had private counsel, selling pictures of him with his feet on a desk in House Speaker Nancy Pelosi's office while under house arrest).

Where courts have imposed fines in January 6 fundraising cases, on the whole, they appear to have done so to seemingly account the approximate difference between funds raised and legal fees.

For instance, Ronald Sandlin raised over $21,000 in his online fundraising campaign to support his legal fees. *See United States v. Sandlin*, No. 1:21-cr-88-DLF-1, ECF No. 92 at 44. However, Sandlin was represented by court-appointed counsel and, therefore, did not have legal fees. *See id.* 44-45. Both the government and the PSR writer recommended a $20,000 fine, *see id.* at 44, which the Court imposed, *see* ECF No. 99 at 6.

In Nathaniel DeGrave's case, despite seeking to cooperate with the government and admitting that he and his co-conspirators were guilty since at least November 2021, DeGrave raised over $120,000 in GiftSendGo campaigns premised on statements such as claims of his status as "Beijing Biden's political prisoner." *United States v. DeGrave*, No. 1:21-cr-00088-DLF-2, ECF No. 114. In one of these campaigns, DeGrave sought funds to "push[]Nathan's agenda of promoting and democracy that is fair by fighting election fraud" and "fulfill his vision of creating and running the 'Patriot Palace' in Las Vegas, starting a news media channel, and

3

making conservative, right-wing news attractive to the new generation." *See id.* Notably, from January 2021 until July 2021, DeGrave was represented by appointed counsel. *See id.* DeGrave also directly sought to profit from his conduct on January 6 by selling footage of the riot. *See id.* In light of the court-ordered accounting provided by the defense, the government recommended a fine of "at least a $50,000 fine to account for his prolific fundraising unrelated to and beyond any legitimate legal defense expenses." ECF No. 114. The Court imposed a $25,000 fine, *see* ECF No. 118 at 6, which, according to information provided to the Court, was the difference between the amount DeGrave raised and the amount he paid in legal fees, *see* Michael Kunzelman, "Jan. 6 rioters are raking in thousands in donations. Now the US is coming after their haul," AP NEWS (May 28, 2023), https://apnews.com/article/capitol-riot-fundraisers-fines-clawback-justice-department-3490da93a6bea505e76bd249eeab72ba.

In another case, John Strand raised over $17,300 for his "legal defense" despite having court-appointed counsel.  It was later revealed that Strand in fact had substantial financial means, but declined to participate in a PSR interview. *United States v. Strand*, No. 1:21-cr-85-CRC-1, ECF No. 131. The Court imposed a $10,000 fine. *See* ECF No. 140 at 7.

Additionally, the case upon which the government relies, *United States v. Seale*, 20 F.3d 1279 (3d Cir. 1994), fails to support the government's position. In *Seale*, the Court concluded that a defendant's current and potential earning capacity are proper considerations under the Guidelines. *See* 20 F.3d at 1284-85. Mr. Stager's PSR plainly provides that he does not have the ability to pay in light of these considerations. *See* PSR at ¶ 112.

Respectfully submitted,

_____/s/_____
David Benowitz, D.C. Bar No. 451557
Amy C. Collins, D.C. Bar No. 1708316
Price Benowitz, LLP
409 7th Street, NW
Suite 200
Washington, D.C. 20004
(202) 417-6000
David@PriceBenowitz.com
AmyC@PriceBenowitz.com

*Counsel for Peter Francis Stager*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 20th day of July 2023, I caused a true and correct copy of the

foregoing Second Supplement to be delivered via CM/ECF to the parties in this matter.

_____/s/_____
David Benowitz