**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Case No. 1:21-cr-35-RC** |
| | : | |
| **v.** | : | |
| | : | |
| **JEFFREY SABOL, et al** | : | |
| **Defendant** | | |

**DEFENDANT JEFFREY SABOL'S MOTION TO DISMISS COUNT 1:**
**OBSTRUCTION OF AN OFFICIAL PROCEEDING**

Defendant Jeffrey Sabol (hereinafter "defendant" or "Mr. Sabol"), though undersigned

counsel, respectfully submits this motion to dismiss Count 1 of the Indictment: Obstruction of an

Official Proceeding under 18 U.S.C. § 1512(c)(2) because the Government has failed to state an

essential element of the offense.  Where an Indictment is defective for failing to state an offense,

a pretrial motion to dismiss the defective Indictment is warranted and the Court must dismiss an

Indictment which fails to state all essential elements of the crime charged. FEDERAL RULES

OF CRIM. PRO 12 (b)(3)(B)(v).  First, the allegations regarding Mr. Sabol do not fit the

meaning of 18 U.S.C. § 1512(c)(2).  Second, as a matter of law, the Electoral College

certification in the Capitol building on January 6, 2021 was not an "official proceeding" under 18

U.S.C. § 1512(c)(2) or 18 U.S.C. § 1515(a)(1) and the charge must be dismissed.

Defendant states the following in support of his request.

## **CERTIFICATE OF SERVICE**

Undersigned counsel hereby certifies, on Wednesday, August 16, 2023, the within

motion was filed via the Court's electronic filing service.


Dated: August 16, 2023                           Respectfully Submitted,

                                                 s/Alex Cirocco

                                                 Alex Cirocco, Esq.
                                                 Attorney for Jeffrey Sabol
                                                 DC Bar ID # NJ 037
                                                 Law Offices of Alex Cirocco, LLC
                                                 600 Getty Avenue, Suite 305
                                                 Clifton, NJ 07011
                                                 973-327-9995
                                                 alex@ciroccolaw.com

Defendant Jeffrey Sabol, by and through his counsel, hereby moves to dismiss Count One of the Superseding Indictment and, in support of the motion, sets forth the following facts and arguments.

## I.      PROCEDURAL HISTORY OF ALL JANUARY 6 DEFENDANTS' MOTION TO DISMISS THE CHARGE OF OBSTRUCTION OF AN OFFICIAL PROCEEDING UNDER 18 U.S.C. § 1512(c)(2)

Since January 6, 2021, hundreds of individuals have been charged and Indicted under 18 U.S.C. 1512(c)(2), Obstruction of an Official Proceeding.  Many defendants have filed a Motion to Dismiss the Obstruction of an Official Proceeding charge.  All January 6 defendants, except three, had their Motion to Dismiss the Obstruction of an Official Proceeding charge denied by the District Court.

Defendants Edward Lang, No. 21-cr-53, Joseph Fischer, No. 21-cr-234, and Garret Miller, No. 21-cr-119, had their Motion to Dismiss the Obstruction of an Official Proceeding granted by Judge Nichols.

The Government appealed that decision to the United States Court of Appeals for the District of Columbia.  The Circuit Court reversed Judge Nichols, ruling, in sum, that the Certification of the Electoral College is an Official Proceeding under the 1512 Statute, and appellees other charged conduct, specifically Assault, falls within the plain meaning of corruptly obstructing, influencing, or impeding an official proceeding, or attempting to do so. *See* Exhibit A.

Appellees have petitioned the United States Supreme Court for a Writ of Certiorari. *See* Exhibit B.  In light of the petition for a Writ of Certiorari, and defendant Jeffrey Sabol's intention

of consenting to a Stipulated Trial to three charges, one of which is a violation of 18 U.S.C. 1512, defendant Sabol makes this motion to preserve his appeal rights as to his anticipated conviction under 18 U.S.C. 1512, and in accordance with his Stipulated Trial agreement with the Government.

## II.   INTRODUCTION

Count One of the Superseding Indictment charges Mr. Sabol as follows:

> On or about January 6, 2021, within the District of Columbia and elsewhere, Jeffrey Sabol attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. § § 15-18. (*See* Superseding Indictment attached as Exhibit C)

An indictment must be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." FED. R. CRIM. P. 7(c)(1), and "must provide the defendant sufficient detail to allow him to prepare a defense, to defend against a subsequent prosecution of the same offense, and to ensure that he be prosecuted upon facts presented to the grand jury." United States v. Apodaca, 275 F. Supp. 3d 123, 153 (D.D.C. 2017) (citing Russel v. United States, 369 U.S. 749 (1962); Sitrone v. United States, 361 U.S. 212 (1960)).  A defendant "may raise by pretrial motion any defense, objection, or request that the Court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(3)(B).  Rule 12 provides that a defendant may also move to dismiss the Indictment for "failure to state an offense" and "lack of specificity." Fed. R. Crim. P. 12(b)(3)(B)(iii), (v).

Section 1512(c) falls under Chapter 73 of Title 18, which clearly deals with "Obstruction of Justice." *See* 18 U.S.C. §§ 1501–1521. As the Ninth Circuit has emphasized – the plain language of the Section 1512(c) statute does not prohibit the obstruction of every governmental function. Actions that should be criminalized are only obstruction of proceedings such as a hearing that takes place before a tribunal.  See United States v. Ermoian, 752 F. 3d 1165, 1171 (9th Cir. 2013).  Stated otherwise, various defense attorneys for January 6 defendants have taken the position that Section 1512 (c), by its plain language, does not criminalize the obstruction of legislative action by Congress.

Regardless of such position or argument, the main issue here is whether Mr. Sabol's alleged actions fall within Section 1512(c) when he is not alleged to have destroyed documents used in any January 6th  "proceeding".  His presence near the Capitol did not directly go after the vote counting, and do not fall within the confines or constitute "corruptly…obstruct[ing], influenc[ing], or imped[ing]" the "official proceeding".

A valid interpretation as to how Section 1512(c) should be applied is articulated in a June 8, 2018 memorandum Bill Barr wrote to Deputy Attorney General Rod Rosenstein and Assistant Attorney General Steve Engel. (*See* "the Muller Memo" attached as Exhibit D).  In the memo, Barr explains the following:

> As things stand, obstruction laws do not criminalize just any acts that can influence a "proceeding." Rather they are concerned with acts intended to have a particular kind of impact. A "proceeding" is a formalized process for finding the truth. In general, obstruction laws are meant to protect proceedings from actions designed subvert the integrity of their truth-finding function through compromising the honesty of decision-makers (e.g., judge, jury) or impairing the integrity or availability of evidence-testimonial, documentary, or physical.  Thus, obstruction laws prohibit a range of "bad acts" - such as tampering with a witness or juror; or destroying, altering, or falsifying evidence - all of which are inherently wrongful because, by their very nature, they are

> directed at depriving the proceeding of honest decision-makers or access to full and accurate evidence. In general, then, the actus reus of an obstruction offense is the inherently subversive "bad act" of impairing the integrity of a decision-maker or evidence. The requisite mens rea is simply intending the wrongful impairment that inexorably flows from the act.

(*See* Muller Memo at p. 1 attached as Exhibit D)

For the same reasons explained in the Muller memo, here the Government's Indictment is defective with regard to 18 U.S.C. § 1512(c)(2) because it fails to state an essential element of the offense. 1512(c)(2) requires Mr. Sabol to have "otherwise obstruct[ed], influenc[ed], or impede[ed] any official proceeding." As Judge Nichols found in <u>U.S. v. Miller</u>, "§ 1512(c)(2) must be interpreted as limited by subsection (c)(1), and thus requires that the defendant have taken some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence an official proceeding." <u>U.S. v. Miller</u>, 1:21-cr-00119 (CJN) at p. 28 (ECF Doc. 72).


### III.   <u>ARGUMENT</u>

**MR. SABOL'S ALLEGED CONDUCT DOES NOT FIT THE 1512 CHARGE**

Count One of violating 18 U.S.C. 1512 (c)(2) simply does not apply to Mr. Sabol's conduct. Section 1512 is entitled "Tampering with a witness, victim, or an informant", which facially suggests that its subsections deal with judicial-type proceedings where a "witness, victim, or informant" is expected to testify." Under Section 1512, the full subsection (c) states as follows:

(c) Whoever corruptly-

> (1) alters, destroys, mutilates, or conceals a record, document, or other
> object, or attempts to do so, with the intent to impair the object's integrity
> or availability for use in an official proceeding; or
>
> (2) otherwise obstructs, influences, or impedes any official proceeding, or
> attempts to do so, shall be fined under this title or imprisoned not more
> than 20 years, or both.

Here, Mr. Sabol did not destroy documents used in the proceedings.  His presence at the Capitol does not constitute "corruptly…obstruct[ing], influenc[ing], or imped[ing]" the "official proceeding".  As such, the Government did not even allege that Mr. Sabol intended to "influence" the vote counting inside.

More importantly, the Superseding Indictment of Mr. Sabol alleges a violation of 18 U.S.C. § 1512(c)(2) and 2, with what the Government entitles "Obstruction of an Official Proceeding and Aiding and Abetting".  The Indictment provides no other facts in support of this Count.  Therefore, it is respectfully submitted that Count One be dismissed against Mr. Sabol because § 1512(c)(2) must be read as a catchall to the narrowly focused subsection preceding it, § 1512(c)(1), which does not apply or fit the allegations in this matter.

Respectfully, § 1512(c)(2) must be limited to "conduct [that] undermined the official proceeding's truth-finding function through actions impairing the integrity and availability of evidence." U.S. v. Miller, 1:21-cr-00113 (CJN) at p.28 (ECF Doc. 72).  Mr. Sabol, however, is not alleged to have taken such actions, and cannot be said to have "undermined the official proceeding's truth-finding functions." Id.  The Superseding Indictment is devoid allegations that Mr. Sabol also impaired "the integrity and availability of evidence."  Instead, Count One of the Superseding Indictment alleges only that Mr. Sabol "attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, specifically,

Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§ 15-18" (*See* Indictment at p. 2 attached as Exhibit C).

Nothing in Count One, or the entire Indictment, alleges or can be said to imply that Mr. Sabol "took some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence Congress's certification of the electoral vote." <u>U.S. v. Miller</u>, 1:21-cr-00119 (CJN) at p. 28 (ECF Doc. 72).

Overall, Mr. Sabol's Indictment is devoid of a single allegation that he took or attempted to take any action with respect to those records or documents.  "Absent such an allegation, the Indictment fails to allege a violation of 18 § U.S.C. 1512(c).  <u>U.S. v. Miller</u> at p. 28.


**IV.**     <u>**CONCLUSION**</u>

Under the statute's plain language and structure, the most natural and plausible reading of 1512(c)(2) is that it covers acts that have the same kind of obstructive impact as the listed forms of obstruction- i.e., impairing the availability or integrity of evidence.  Under such understanding, Mr. Sabol's actions cannot be said to even allege conduct that fits into such charge.  Therefore, it is respectfully submitted that Count One of the Superseding Indictment against Mr. Sabol be dismissed.

Dated: August 16, 2023                                    Respectfully Submitted,

                                                          s/Alex Cirocco

                                                          Alex Cirocco, Esq.
                                                          Attorney for Jeffrey Sabol
                                                          DC Bar ID # NJ 037
                                                          Law Offices of Alex Cirocco, LLC
                                                          600 Getty Avenue, Suite 305
                                                          Clifton, NJ 07011
                                                          973-327-9995
                                                          alex@ciroccolaw.com